UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKIE JUHASZ,

          Plaintiff,            Case. No. 18-cv-10708

v.            Honorable Thomas L. Ludington
           Magistrate Judge Patricia T. Morris

MENARD, INC.,

          Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION, STAYING AND ADMINISTRATIVELY CLOSING CASE

On March 1, 2018, Defendant, Menard, Inc., removed this case from the Circuit Court of Saginaw County. ECF No. 1. The complaint alleges discrimination and retaliation in violation of the Michigan Elliot Larson Civil Rights Act, ("ELCRA"), M.C.L. 37.2202. ECF No. 1-2. On March 2, 2018, Defendant filed a motion to compel arbitration, seeking to enforce the terms of the employment agreement between Plaintiff and Menard. ECF No. 4. Plaintiff responded on March 22, 2018, opposing the motion. ECF No. 10.

**I.**

Pursuant to the Federal Arbitration Act (FAA), when an arbitration agreement governs a dispute that a Federal District Court would otherwise have jurisdiction to adjudicate, the party aggrieved by the alleged failure to arbitrate may petition that Federal District Court for an order compelling such arbitration to proceed. 9 U.S.C. § 4. The FAA requires a Federal Court to compel arbitration when a party to an arbitration agreement fails or refuses to comply with the provisions of an enforceable arbitration agreement. *Id.*

In three cases now known as the "*Steelworkers* Trilogy," the Court established four fundamental principles regarding federal arbitration. *E.g.*, *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (citing *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564 (1960); and *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960)).

First, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T*, 475 U.S. at 648 (quoting *Warrior & Gulf*, 363 U.S. at 582). That is, "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT&T*, 475 U.S. at 648–49 (citing *Gateway Coal Co. v. United Mine Workers of Am.*, 414 U.S. 368, 374 (1974)). Therefore, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citing 9 U.S.C. § 2).

Second, "the question of arbitrability — whether a [contract] creates a duty for the parties to arbitrate the particular grievance — is undeniably an issue for judicial determination." *AT&T*, 475 U.S. at 649. Thus, "whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties." *Id.* (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547(1964)).

Third, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *AT&T*, 475 U.S. at 649. Rather, the court must simply evaluate whether the particular grievance is arbitrable. *Id.* at 650.

And fourth, under federal law "there is a presumption of arbitrability." *Id*. Consequently, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id*. (internal alteration omitted) (quoting *Warrior & Gulf*, 363 U.S. at 582–83).

**II.**

It is undisputed that the employment agreement, including the remedy provision, is valid and enforceable. The dispute concerns the scope of the remedy provision. Defendant essentially argues that the remedy provision speaks for itself, and the Court should compel arbitration. Defendant did not file a reply brief addressing Plaintiff's arguments. Plaintiff argues that the remedy provision is ambiguous and only applies to current employees, not employees who have been terminated. The provision at issue provides as follows:

> Remedy. **I agree that all problems, claims and disputes experienced related to my employment area shall first be resolved as outlined in the Team Member Relations section of the "Grow With Menards Team Member Information Booklet" which I have received. If I am unable to resolve the dispute by these means for any reason, I agree to submit to final and binding arbitration.** Arbitration shall be the sole and exclusive forum and remedy for all covered disputes of either Menard, Inc. or me. Unless Menard and I agree otherwise, any arbitration proceeding will take place in the county of my Menard's employment where the dispute arose. Problems, claims or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981-1988; Age Discrimination in Employment Act of 1967; Older Workers' Benefit Protection Act ("OWPBA"); Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; Title I of the Civil Rights Act of 1991; Americans with Disabilities Act; Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"); Family Medical Leave Act; and non-statutory claims such as contractual claims, quasi-contractual claims, tort claims and any and all causes of action arising under state or common law.

ECF No. 10-4 (emphasis added).

Plaintiff argues that the bolded portion above is ambiguous and "can be best described as an internal dispute resolution process which includes a final arbitration step." Resp. at 6. Plaintiff contends that this remedy provision "suggests the existence of an ongoing employer/employee relationship at the time the dispute or claim is being addressed" which suggests that the remedy provision does not apply to former (terminated) employees, but only to current employees. Thus, Plaintiff contends there is a patent ambiguity because the ambiguity "clearly appears on the face of the document, arising from the language itself." Resp. at 8 (citing *Hall v. Equitable Life Assurance Society*, 295 Mich. 404, 409 (1940)).

Plaintiff argues that the remedy provision also suffers from latent ambiguity which is apparent when the remedy provision is applied or executed. Specifically, Plaintiff contends that the Menard's Team Member Information Booklet is not accessible to former employees. Thus, Plaintiff was unable to ascertain what rights may have been available to her via Menard's internal grievance process and unable to avail herself of those rights. In support of her argument as to latent ambiguity, Plaintiff submitted extrinsic evidence in the form of her affidavit in which she sets forth that she had no access to the information booklet after her termination and was unable to determine what rights she had. ECF No. 10-5 at ¶ 9-12; Resp. at 8 (citing *McCarty v. Mercury Metalcraft Co.*, 372 Mich. 567, 575 (1964) ("[because] the detection of a latent ambiguity requires a consideration of factors outside the instrument itself: extrinsic evidence is obviously admissible to prove the existence of the ambiguity, as well as to resolve any ambiguity proven to exist.").

Here, the remedy provision is unambiguous because it fairly admits of only one interpretation. *Leja v. Health All. Plan*, 202 Mich. App. 582, 584 (1993). The remedy provision contains no patent ambiguity, nor does Plaintiff's affidavit establish any latent ambiguity.

Plaintiff is correct that the reference to the "Team Member Relations section" of the information booklet suggests the existence of an internal dispute resolution process, the completion of which is to precede arbitration. However, there is nothing in the agreement that calls into question the fact that the remedy provision is equally applicable to current and former employees. Indeed, after referring to the internal grievance process outlined in the information booklet, the agreement goes on to state: "If I am unable to resolve the dispute by these means for *any reason*, I agree to submit to final and binding arbitration." ECF No. 10-4 (emphasis added). As Plaintiff indicates in her affidavit, an employee who is terminated is unable to resolve the dispute by the means provided in the information booklet. Termination clearly falls under the umbrella of "any reason" that might prevent an employee from resolving such a dispute via the means set forth in the information booklet. Because she was unable to resolve her dispute via those means, the agreement requires her to submit to final and binding arbitration.

Furthermore, Plaintiff overlooks that final paragraph of the agreement, which provides: ". . .THE PARTIES ALSO AGREE THAT BOTH I AND MENARD INC ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY . . ." *Id.* This refutes any notion that terminated employees are exempt from the exclusive remedy of arbitration.

Finally, Plaintiff argues that "the explanation provided to the Plaintiff prior to signing the document contradicts the position taken by Defendant in its motion." Resp. at 10. Plaintiff stated in her affidavit that:

> As I read the document I was concerned by what the Defendant meant in the "remedy" provision since I did not understand it so I asked Mr. Sprague to explain to me what was meant by that provision. Mr. Sprague reassured me that the process including the arbitration provision set forth in the remedy portion of the Employee/Employer Agreement was standard language that meant if I had an issue during my employment with an employee or manager that I could utilize the process set forth in the Team Member Information Booklet up to and including arbitration to address the matter and that all employees were required to sign the

document . . . At no time was it explained to me that Defendant would seek to impose the arbitration portion of the remedy provision after my employment with the Defendant was terminated prior Defendant's motion before this Court.

ECF No. 10-5 at ¶ 4-5, 7.

There is no contradiction between Mr. Sprague's alleged statement and the position taken by Defendant in its motion. Mr. Sprague described examples of situations that would fall within the scope of the remedy provision. Plaintiff does not allege that Mr. Sprague purported to present an exhaustive explanation of all situations that might fall within the scope of the remedy provision. Nor does she allege that he affirmatively represented that terminated employees are not bound by the agreement.

Plaintiff also argues that Mr. Sprague never explained to her that Menard would seek to impose the remedy provision against her in the event of her discharge. Resp. at 11. Plaintiff does not explain why Mr. Sprague was under any duty to provide an exhaustive description of all potential legal consequences of signing the agreement. Mr. Sprague was not representing Plaintiff when she signed the agreement. Rather, he was an agent of Menard. Plaintiff's argument sounds in procedural unconscionability, but Plaintiff makes no attempt to develop that line of reasoning or to explain the relevance of Mr. Sprague's alleged failure to explain the scope of the agreement.

Furthermore, even if Mr. Sprague's statement could be interpreted as saying that the remedy provision was only intended to apply to current employees, the statement cannot be used to alter the clear language of the provision. As explained above, the remedy provision unambiguously applies to all claims and disputes related to Plaintiff's employment, irrespective of the fact that she was terminated. Parol evidence of prior representations by Defendant's

manager cannot vary the unambiguous terms of the contract. *Salzman v. Maldaver*, 315 Mich. 403, 412 (1946); *Shay v. Aldrich*, 487 Mich. 648, 667 (2010).

### III.

Accordingly, it is **ORDERED** that Defendant's motion to compel arbitration, ECF No. 4, is **GRANTED**.

It is further **ORDERED** that proceedings in this matter are **STAYED** pending arbitration.

It is further **ORDERED** that the clerk of court is **DIRECTED** to administratively close this case. Upon conclusion of the arbitration proceedings, either party may move to lift the stay and reopen the case.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager