UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FRANKIE JUHASZ,
    Plaintiffs,

                Case No. 18-10708
                Honorable Thomas L. Ludington

v.

MENARD, INC.,
    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT, DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, REMANDING THE CASE TO THE ARBITRATOR AND STAYING AND ADMINISTRATIVELY CLOSING THE CASE**

On March 1, 2018, Defendant, Menard, Inc., removed this case from the Circuit Court of Saginaw County, Michigan. ECF No. 1. The Complaint alleged discrimination and retaliation in violation of the Michigan Elliot Larson Civil Rights Act, ("ELCRA"), M.C.L. 37.2202. ECF No. 1-2. On March 2, 2018, Defendant filed a motion to compel arbitration, seeking to enforce the terms of the employment agreement between Plaintiff and Menard. ECF No. 4. The Court granted Defendant's motion to compel arbitration and stayed the case until the arbitration proceedings were concluded. ECF No. 11. On August 16, 2019, Plaintiff filed a motion to lift the stay, reopen the case, and for entry of judgment. ECF No. 13. Also on August 16, 2019, Plaintiff filed a motion for attorney's fees, expert witness fees, and costs. ECF No. 14. On August 27, 2019, the motion to lift the stay and reopen the case was granted. ECF No. 16.

During her employment with Menard, Plaintiff signed the Employee/Employer agreement. ECF No. 17 at PageID.231-232. The agreement stated in relevant part,

> I agree that all problems, claims and disputes experienced related to my employment area shall first be resolved as outlined in the Team Member Relations section of the "Grow With Menards Team Member Information Booklet" which I have received. If I am unable to resolve the dispute by these means for any reason,

> I agree to submit to final and binding arbitration. Arbitration shall be the sole and exclusive forum and remedy for all covered disputes of either Menard, INC or me.
> . . .
> Menard agrees that it will pay all arbitration costs and fees of the American Arbitration Association incurred by either party commencing arbitration, regardless of who prevails in the arbitration, as long as a claim is not found to be frivolous. Menard further agrees that it will not pursue costs, arbitration fees, or its attorneys' fees, if Menard prevails either on claims which it brings or on non-frivolous claims which I may bring. ECF No. 13-2 at PageID.119.

Arbitration occurred in May 2019. ECF No. 13 at PageID.112. On July 24, 2019 the arbitrator issued his arbitration award, dismissing Plaintiff's retaliation claim, but granting her sexual discrimination and harassment claim under ELCRA. ECF No. 13-3 at PageID.129. The arbitrator specifically granted Plaintiff $11,122 backpay from August 14, 2017 to February 11, 2019, $50,000 in compensatory damages, pre-judgment interest compounded annually at 3.848% interest, post-judgment interest as determined by the Federal Arbitration Act, administrative fees and expenses of the American Arbitration Association and the arbitrator totaling $14,304.72, and $300 to reimburse Plaintiff for the arbitration filing fee. *Id.* at 132-134. The arbitrator also included the following sentence in his final report, "By agreement of the parties' counsel at the end of the arbitration hearing, the question of litigation costs and attorney fees is to be deferred to the federal court which the parties apply to for entry of a judgment on this Arbitration Award." *Id.* at 133. Defense counsel immediately challenged this section of the arbitrator's report. ECF No. 17-5 at PageID.254 (email stating "With all due respect, my colleague and I do not remember agreeing to this provision at the end of the arbitration hearing. Moreover, the arbitration agreement does not permit the federal court to decide this issue. The Arbitrator alone determines all issues under the arbitration agreement, including but not limited to the awarding of litigation costs and attorneys' fees."). The arbitrator replied that "I specifically recall what I understood to be the parties' counsel agreeing to defer the question of litigation costs and attorney fees to the federal court entering

judgment on the Award." ECF No. 17-6 at PageID.257. Unfortunately, the court reporter did not transcribe this conversation and the arbitrator acknowledged that "it is possible the parties were only referring to deferring the submission of costs and attorney fees to the arbitrator for consideration post-award in the event the Claimant was the prevailing party." *Id.* The arbitrator concludes the dispute is irrelevant though because "the parties' consent to entry of judgment on the Award by the federal court [and] FRCP 54(d) permits the prevailing party to move for attorney fees after entry of a judgment when authorized by law." *Id.* Plaintiff cites to FRCP 54(d) and the ELCRA as evidence that she is eligible for an award of reasonable attorney fees. ECF No. 14 at PageID.136.

Under the American rule litigants generally pay their own attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Crossville Med. Oncology v. Glenwood Sys.*, LLC, 610 Fed.Appx. 464, 467 (6th Cir. 2015). However, there are exceptions when a statute or contract between the parties provide otherwise. *Crossville*, 610 Fed.Appx. at 1009; *see also Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994). ELCRA is one such statute. MCL § 37.2802 provides that a court "may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." The award of attorneys' fees is discretionary and the decisionmaker must evaluate multiple factors in determining whether attorneys' fees are warranted and if so, the amount. *Brocklehurst v. PPG Indus., Inc.*, 907 F.Supp. 1106, 1107–08 (E.D. Mich. 1995).

The Federal Arbitration Act itself is silent on whether parties are eligible for attorneys' fees for the cost of arbitrating. If the arbitration agreement contains an "all disputes" clause, "a strict construction of the agreement would prohibit the court from awarding [confirmation] costs and fees because that dispute, too, must be submitted to an arbitrator." *Own Capital, LLC v.*

*Celebrity Suzuki of Rock Hill, LLC*, 2011 WL 3300696 *3 (E.D. Mich. 2011). Similarly, the Sixth Circuit held that a provision stating "[a]ny dispute arising out of or in connection with this Agreement . . . shall be determined by arbitration" "does not authorize a court to award [post-arbitration confirmation] attorneys' fees." *Crossville*, 610 Fed.Appx. at 469–70.

In this case, the arbitration agreement has an "all disputes" clause directing all conflicts between the employee and the employer to binding arbitration. The agreement states that "all problems, claims and disputes experienced related to my employment" must first be resolved according to the Grow With Menards Team Member Information Booklet and if they cannot be resolved, "to final and binding arbitration." ECF No. 13-2 at PageID.119. In addition, the agreement states that "[a]rbitration shall be the sole and exclusive forum and remedy for all covered disputes of either Menard, INC or me." *Id.* This language is similar to the agreement in Crossville which the Sixth Circuit found to be broad enough to include the issue of post-arbitration attorney fees. *Crossville*, 610 Fed.Appx. at 469–70 ("[a]ny dispute arising out of or in connection with this Agreement . . . shall be determined by arbitration").

Even though the case law focuses on confirmation attorneys' fees, the same logic applies to attorneys' fees for arbitration. The purpose of arbitration is to reduce litigation costs. If the parties agree to submit all claims to binding arbitration, that logically includes the costs for arbitration itself. It is clear Menard considered the cost of attorneys' fees because the text of the arbitration agreement states that Menard "will not pursue costs, arbitration fees, or its attorneys' fees" if Menard prevails. ECF No. 17-2 at PageID.241. Since Plaintiff's attorneys' fees are not mentioned in the agreement, it would fall under the general "all problems, claims and disputes" part of the contract that must be sent to binding arbitration.

Parties can waive an "all disputes" arbitration agreement, either by their conduct or by express waiver. In *Schlobohm*, the Northern District of Texas and the Fifth Circuit found that "both parties and the arbitrators ultimately treated the arbitration as covering only the fair market value issue" and as such, the court did not view the agreement to be all-inclusive. 806 F.2d at 581 n.3. Here, the agreement language is broad and the arbitration award itself is also broad – covering both claims of the lawsuit and damages. The only reference to attorneys' fees is the disputed sentence about reserving argument for the district court. Since this comment was made off the record, it can be assumed this was not a conversation the parties' intended to be on the record or else someone would have ensured the court reporter was still transcribing. This one sentence alone is insufficient to find the parties waived the broad binding arbitration agreement provision.

The second option for waiver is an express waiver. There is a strong preference for arbitration and waiver will "not be lightly inferred." *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003). In that case the two parties exchanged letters with opposing views on an original and updated contract. The court found "no evidence that [one party] expressly waived arbitration" and "[g]iven the strong preference in favor of arbitration and against waiver, [the court] cannot infer a waiver of arbitration." *Id.* at 574. Additionally, the Sixth Circuit stated "[w]here the arbitration clause is broad, only an express provision excluding a specific dispute, or 'the most forceful evidence of a purpose to exclude the claim from arbitration,' will remove the dispute from consideration by the arbitrators." *Id.* at 577 (citing *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986)). In the instant case, the parties mentioned attorneys' fees at some point in the arbitrator's presence, but there is no record of the conversation. Additionally, Defendant timely objected to the inclusion of the paragraph in the arbitrator's award. As such, there is insufficient information for a waiver of the

arbitration agreement. The arbitration agreement was all inclusive and there was no waiver of the award, therefore attorneys' fees must be decided by the arbitrator and not the district court. The case will be remanded to the arbitrator for a decision on Plaintiff's attorneys' fees and costs. Plaintiff's motion for entry of judgment will be denied without prejudice. Plaintiff's motion for attorneys' fees will be denied without prejudice.

Accordingly, it is **ORDERED** that Plaintiff's motion for entry of judgment, ECF No. 13, is **DENIED** without prejudice.

It is further **ORDERED** that Plaintiff's motion for attorneys' fees, expert witness fees, and costs, ECF No. 14, is **DENIED** without prejudice.

It is further **ORDERED** that the case is **REMANDED** to the arbitrator to decide the issue of Plaintiff's request for attorneys' fees and costs.

It is further **ORDERED** that proceedings in this matter are **STAYED** pending the decision on remand.

It is further **ORDERED** that the clerk of court is **DIRECTED** to administratively close this case. Upon conclusion of the proceedings on remand, either party may move to lift the stay and reopen the case.

Dated: September 26, 2019                                            s/Thomas L. Ludington  
                                                                     THOMAS L. LUDINGTON  
                                                                     United States District Judge